**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Daniel Calcutti,
**Plaintiff**

v.

SBU, Inc., et. al,
**Defendants**

02 Civ. 41 (SCR) (LMS)

**MEMORANDUM**
**DECISION & ORDER**

Richard G. Monaco,
**Third Party Plaintiff**

v.

BDO Seidman, LLP
**Third Party Defendant**



## I.  Background

The facts and procedural posture of this case were exhaustively set forth in Magistrate Judge Smith's Report and Recommendation dated February 16, 2005 ("R&R").  To briefly summarize, Daniel Calcutti ("Plaintiff" or "Calcutti") brought this action on November 27, 2001 against Richard Monaco ("Monaco" or "Defendant"), who represented Plaintiff in a prior personal injury action, which was ultimately settled.[1]

In this action, Plaintiff alleges that Monaco committed malpractice, negligence and negligent misrepresentation by misusing settlement funds from the underlying personal injury action.[2]  On October 9, 2002, Monaco filed a third party complaint against BDO Seidman, LLP ("BDO" or "Third Party Defendant") for contribution, alleging that BDO aided and abetted SBU in converting assets intended to fund Calcutti's settlement.

---

[1] Plaintiff also sued SBU, Inc. ("SBU"), The Privatebank and Trust Company ("Privatebank"), and The Travelers Group, The Travelers Companies, and Charter Oak Fire Insurance Company (collectively "Travelers").  SBU has never appeared in this action, and the lawsuits against Privatebank and Travelers have since been terminated.

[2] Additional claims against Monaco were dismissed by Judge Victor Marrero in an order dated September 16, 2002.

MICROFIL
APR 2 2 2005
USDC SD NY W
APR 2 2 2005

On November 10, 2004, Monaco moved for summary judgment, arguing that all claims against him should be dismissed as they are both time-barred and unsupported by any evidence in the record. On November 15, 2004, BDO moved for summary judgment, arguing that Monaco's third party contribution claims should be dismissed in light of a settlement between Calcutti and BDO, signed on May 31, 2002, in which Calcutti waived his right to sue BDO. In the alternative, BDO argued that Monaco's claims should be dismissed for failure to provide any evidence that BDO's alleged misconduct caused harm to Plaintiff. On January 12, 2005, this case was referred to Magistrate Judge Smith for a report and recommendation on both of these dispositive motions.

On February 16, 2005, Judge Smith submitted her R&R in this action. In that R&R, Judge Smith found that there was no evidence to support Plaintiff's claims and recommended that Monaco's motion for summary judgment be granted in all respects. Further, to the extent this court adopted her recommendation that all claims against Monaco be dismissed, Judge Smith recommended that BDO's motion for summary judgment be denied, but that all third party claims by Monaco against BDO should nevertheless be dismissed as moot. After requesting, and receiving, an extension of time to file objections to the R&R, Plaintiff informed the court that he would not in fact file any objections.

For reasons set forth below, this court adopts Judge Smith's recommendation that Monaco's motion for summary judgment be granted and that all third party claims against BDO be dismissed as moot.

## II.  Analysis

### A.  Standard of Review

In reviewing an R&R, a Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) (citations omitted). *See also Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991) (court may accept report if it is "not facially erroneous"). However, a district court judge is required to make a de novo determination as to the aspects of the report and recommendation to which objections are made. 28 U.S.C. § 636 (b)(1); *United States v. Raddatz*, 447 U.S. 667, 673-674 (1980); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).

### B.  Analysis

After carefully reviewing the record, Judge Smith found nothing in the record to indicate that Monaco, in the course of his representation of Plaintiff in the underlying action, failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession, which must be proven to support a cause of action for malpractice. As such, Judge Smith recommended that Plaintiff's malpractice claim be dismissed. Noting that Plaintiff's negligence and negligent

representation claims are based on the same facts as the malpractice claim, Judge Smith recommended that these negligence claims should also be dismissed. This court finds no clear error in these determinations and adopts Judge Smith's recommendation that Monaco's motion for summary judgment be granted.

Moreover, having dismissed all claims against Monaco, this court agrees with Judge Smith that all claims against BDO should be dismissed as moot. Although Judge Smith recommended that this court deny BDO's motion for summary judgment on the same mootness grounds, this court finds no reason to reach any determination with respect to that motion.

## III.    Conclusion

For these reasons, Monaco's motion for summary judgment is GRANTED and all third party claims against BDO are DISMISSED. The clerk of the court is directed to CLOSE this case.

It is so ordered.

Dated: White Plains, New York
     April 22, 2005

Stephen C. Robinson, U.S.D.J